December 13, 2024

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
2642 MICHELLE DRIVE
TUSTIN, CA 92780

TEGRA MEDICAL HOLDINGS LLC
c/o ANABELA WATSON SENIOR HR MANAGER
16 FORGE PARKWAY
FRANKLIN, MA 02038

**U.S. Citizenship and Immigration Services**

SRC2423750404

Form I-129, Petition for a Nonimmigrant Worker

## DECISION

On July 16, 2024, your organization, TEGRA MEDICAL HOLDINGS LLC (petitioner), filed a Petition for a Nonimmigrant Worker (Form I-129) with U.S. Citizenship and Immigration Services (USCIS), seeking to classify LUIS FLORES CASTILLO (beneficiary) as a nonimmigrant intracompany transferee (L-1) pursuant to section 101(a)(15)(L) of the Immigration and Nationality Act (INA) and its implementing regulations at Title 8, Code of Federal Regulations (8 CFR).

The extension of nonimmigrant status requested in behalf of the beneficiary is denied for the following reason:

> The nonimmigrant visa petition filed to classify the beneficiary as an L-1 nonimmigrant under INA 101(a)(15)(L) has been denied.

Absent an approved application or petition granting the beneficiary valid immigration status, the beneficiary is now present in the United States in violation of the law. If the date listed on the Form I-94 has already passed, this Notice of Decision may leave the beneficiary without lawful immigration status and the beneficiary may be present in the United States in violation of the law and required to depart the United States immediately. Failing to maintain valid nonimmigrant status or remaining in the United States beyond the expiration of nonimmigrant status may adversely affect the beneficiary's ability to return to the United States in the future.

If you disagree with this decision, you may file a motion to reopen or reconsider with a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO athttp://www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.

Sincerely,



*USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.*

December 13, 2024

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
California Service Center
2642 MICHELLE DRIVE
TUSTIN, CA 92780

TEGRA MEDICAL HOLDINGS LLC
c/o ANABELA WATSON SENIOR HR MANAGER
16 FORGE PARKWAY
FRANKLIN, MA 02038

U.S. Citizenship and Immigration Services

SRC2423750404

Form I-129, Petition for a Nonimmigrant Worker

## DECISION

You filed Form I-129, Petition for a Nonimmigrant Worker in behalf of LUIS FLORES CASTILLO,(beneficiary) on July 16, 2024 in order to classify the beneficiary as an intracompany transferee with a concurrent request for Extension Of Stay.

Your organization, TEGRA MEDICAL HOLDINGS LLC, seeks to employ the beneficiary as Quality Engineer.

The Immigration and Nationality Act (INA) 101(a)(15)(L) and its implementing regulation at Title 8, Code of Federal Regulations (8 CFR) 214.2(l) provide the definition of an intracompany transferee. Specifically, INA 101(a)(15)(L) states:

> . . . an alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge . . .

### Prior Approvals

USCIS acknowledges that you are requesting to extend your petition. The beneficiary has been employed in L-1 status since February 7, 2022. The beneficiary was admitted to the United States pursuant to a blanket L-1 petition, SRC2122350661 filed by SFS Group USA Inc. When adjudicating a subsequent petition or application involving the same parties, USCIS will consider, but not defer to, previous eligibility determinations made by other U.S. government agencies. In this instant petition, eligibility determination will be made based on the evidence of record. Despite any prior approvals, the petitioner bears the burden to establish eligibility for each petition on its own merits, and an immigration benefit cannot be granted when the petitioner fails to meet the standard of proof, including a filing for extension. See INA § 291.



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

## POSITION ABROAD

The first issue to be discussed is whether you have established that the beneficiary has been employed abroad in a position that was managerial, executive, or involved specialized knowledge.

The regulations at 8 CFR 214.2(l)(3), "Evidence for individual petitions," indicate, in part, that an individual petition filed on Form I-129 shall be accompanied by:

> (iv) Evidence that the alien's prior year of employment abroad was in a position that was managerial, executive, or involved specialized knowledge and that the alien's prior education, training, and employment qualifies him/her to perform the intended services in the United States; however, the work in the United States need not be the same work which the alien performed abroad.

INA 101(a)(44)(A) and 8 CFR 214.2(l)(ii)(B) provide the definition for managerial capacity. Specifically, INA 101(a)(44)(A) states:

> The term "managerial capacity" means an assignment within an organization in which the employee primarily-
>
> > i. manages the organization, or a department, subdivision, function, or component of the organization;
> >
> > ii. supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;
> >
> > iii. if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization, or if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and
> >
> > iv. exercises discretion over the day-to-day operations of the activity or function for which the employee has authority.
>
> A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

INA 101(a)(44)(B) and 8 CFR 214.2(l)(1)(ii)(C) define the term "executive capacity" as:

> . . . an assignment within an organization in which the employee primarily-
>
> > i. directs the management of the organization or a major component or function of the organization;



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

> ii. establishes the goals and policies of the organization, component, or function;
>
> iii. exercises wide latitude in discretionary decision-making; and
>
> iv. receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

Moreover, pursuant to INA 101(a)(44)(C), staffing levels are a relevant factor in determining managerial and/or executive capacity:

> If staffing levels are used as a factor in determining whether an individual is acting in a managerial or executive capacity, the Attorney General shall take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage of development of the organization, component, or function. An individual shall not be considered to be acting in a managerial or executive capacity (as previously defined) merely on the basis of the number of employees that the individual supervises or has supervised or directs or has directed.

The definitions of executive and managerial capacity have two parts. First, you must show that the beneficiary performed the level of responsibilities that are specified in the definitions. Second, you must establish that the beneficiary primarily performed these specified responsibilities and did not spend a majority of his or her time on day-to-day functions. An employee who primarily performed the tasks necessary to produce a product or provide services is not considered to be employed in a managerial or executive capacity. Hence, indicating the beneficiary managed a business does not necessarily establish eligibility for classification as an intracompany transferee in a managerial or executive capacity within the meaning of INA sections 101(a)(44)(A) and (B).

INA 214(c)(2)(B) provides the framework for the specialized knowledge transferee:

> For purposes of section 101(a)(15)(L), an alien is considered to be serving in a capacity involving specialized knowledge with respect to a company if the alien has a special knowledge of the company product and its application in international markets or has an advanced level of knowledge of processes and procedures of the company.

The regulations at 8 CFR 214.2(l)(1)(ii)(D) further define "specialized knowledge" as follows:

> Specialized knowledge means special knowledge possessed by an individual of the petitioning organization's product, service, research, equipment, techniques, management, or other interests and its application in international markets, or an advanced level of knowledge or expertise in the organization's processes and procedures.

In order to establish that an alien was employed abroad in a specialized knowledge capacity, not only must you show that the alien has possessed the requisite specialized knowledge, but also, that the position they filled abroad must have required such knowledge.

Because the statute and regulations do not define the terms "special" or "advanced," USCIS looks to



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

their common dictionary definitions, as well as the agency's practice and experience in this context. The term "special" is defined in leading dictionaries as "surpassing the usual," "distinct among others of a kind," "distinguished by some unusual quality," "uncommon," or "noteworthy." The term "advanced" is defined in various dictionaries as "greatly developed beyond an initial stage," or "ahead or far or further along in progress, complexity, knowledge, skill, etc." Applying these definitions to the statutory and regulatory text, a beneficiary seeking L-1B classification should, as a threshold matter, possess:

> • special knowledge, which is knowledge of the petitioning organization's product, service, research, equipment, techniques, management, or other interests and its application in international markets that is distinct or uncommon in comparison to that generally found in the particular industry; or
>
> • advanced knowledge, which is knowledge of or expertise in the petitioning organization's specific processes and procedures that is not commonly found in the relevant industry and is greatly developed or further along in progress, complexity and understanding than that generally found within the employer.

Upon initial filing, you indicate the beneficiary was employed abroad in a position that involved specialized knowledge. You described the duties of the foreign position, in part, as follows:

- Working independently and in a team setting to support internal and external customers. (10%)
- Investigating and resolving work-in-process problems to reduce/eliminate non-conforming product, scrap, and rework. (15%)
- Leading equipment and processes qualification efforts including validation plan, IQ, OQ, PQ, TMV pertaining to processes sustaining initiatives. (10%)
- Maintaining risk assessments and risk mitigation activities. (10%)
- Participating in product scale-up activities. (5%)
- Optimizing quality processes to provide sustainable gains in cost, effectiveness, risk mitigation and increased product performance through statistical analysis, designed of experiments, and procedural changes. (25%)
- Driving quality improvements by increasing internal competencies in process control, root cause analysis, failure mode and effects analysis (FMEA). (10%)
- Working with suppliers, customers and participating in multi-functional teams to resolve technical/quality issues. (10%)
- Evaluating process critical quality parameters and updating specifications and protocols. (2.5%)
- Carrying out other duties assigned by the immediate superior and which are related to the nature of its positions. (2.5%)

Subsequent to the filing of the petition, USCIS requested that you provide additional documentation to establish that the beneficiary has been employed abroad by a qualifying organization for one continuous year of full-time employment in a qualifying position. USCIS informed you at that time that the evidence was insufficient because:

> *You provided no documentary evidence to show that the beneficiary performed the claimed duties. You also did not provide any evidence demonstrating how and when the beneficiary acquired specialized knowledge and at what point during his tenure abroad that he began*



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

*utilizing specialized knowledge to perform his day-to-day duties. Further, knowledge that is proprietary or company-specific must still shown to be either special or advanced in order to be deemed specialized knowledge; you must demonstrate that some qualities of your products, tools, processes, technologies, and service offerings require your Jr. Quality Engineers to have knowledge that is truly different from what is commonly found in the industry. You also did not provide evidence to compare and contrast the described duties of the position to those of other, similarly employed individuals within your organization and in the industry. Without sufficient documentation to support your claim, you did not establish that the beneficiary's position abroad involved "special" or "advanced" knowledge.*

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On November 20, 2024, you responded and submitted the following documentation in regard to this issue:

- RFE response letter from Zachary L. Maria;
- RFE response letter from Karim Silman Winstanly, Director-Quality Assurance/Regulatory Affairs of Tegra Medical, La Aurora;
- The beneficiary's pay stubs from the foreign entity;
- Employee Training History Report;
- Organizational chart of the foreign entity;
- Job description of Junior Quality Engineer (Job postings);
- The beneficiary's work products.

You provided a letter from the beneficiary's manager abroad which includes further descriptions of the beneficiary's duties and knowledge. However, the information still does not sufficiently establish how the beneficiary's duties with the foreign entity involve knowledge that could be considered "special," that is, knowledge of the petitioning organization's products, tools, processes, technologies, and service offerings and their application in international markets that is distinct or uncommon in comparison to that generally found in the particular industry; or "advanced," that is knowledge of or expertise in the petitioning organization's specific processes and procedures that is not commonly found in the relevant industry and is greatly developed or further along in progress, complexity, and understanding than that generally found within the employer. While you indicate the beneficiary uses your tools and methodologies to perform his assigned duties, it cannot be automatically concluded that any employee who receives training on and utilizes a company's tools and methodologies has specialized knowledge of said tools and methodologies. While the beneficiary may have acquired knowledge of, and uses your tools and methodologies, the evidence does not sufficiently demonstrate how and why the beneficiary's knowledge is relatively "special" and/or "advanced."

Although you provided the beneficiary's training history, you did not sufficiently explain that the beneficiary's training and knowledge of your company's products, tools, processes, technologies, and service offerings are considered to be of a "special" or "advanced" capacity. Moreover, the training information lacked sufficient detail and does not demonstrate the content of the training and why the training was required for the position. You also did not compare and contrast the types and amount of training competed with any of the beneficiary's team members abroad, or other employees within the organization or within the field, nor did you explain how the training is special or advanced within the field.

You provided copies of the beneficiary's work samples. It is noted you provided explanations for the tools and processes and how they are important to your organization. However, you still did not provide detailed explanations as to why the beneficiary's knowledge and work products should be considered special or advanced, when compared to other employees or industry workers successfully performing the duties required of their positions and working with other tools and processes necessary for their duties.

As discussed in the RFE, to differentiate the beneficiary's knowledge from other employees within the petitioning organization, USCIS must review the duties of those employees in similar positions, as well as their training, education, and length of experience with the petitioning organization's mission. Here, you have not provided any sufficiently detailed information. In determining that the beneficiary has specialized knowledge, USCIS must compare the beneficiary's training and experience with others performing the same or similar type of work. The record did not provide sufficient information about other employees in your organization to demonstrate that the duties the beneficiary performs are beyond what is typically performed in the beneficiary's department.

There is no supporting documentary evidence to show that the beneficiary's knowledge rises above the level of his peers, when compared with other employees' knowledge, education, training and employment with your organization. Specifically, you did not describe how the beneficiary's work and responsibilities differ from other employees or how other employees gained their knowledge of your organization. You have not provided any comparisons of the beneficiary's knowledge, training, experience, and exposure to your technologies, tools, methodologies, and processes with other employees at the foreign entity who may use and be exposed to the same technologies, tools, methodologies, and processes in the course of their respective duties. It is reasonable to expect all companies to develop internal technologies, tools, methodologies, and processes, and best practices to support their services and clientele. The documentation submitted does not establish that your proprietary technologies, tools, methodologies, and processes are unusually complex and/or sophisticated thereby implying that use of said technologies, tools, methodologies, and processes involves special and/or advanced knowledge.

For the foregoing reasons, you have not established that the beneficiary has been employed abroad in a position that involved specialized knowledge.

## BENEFICIARY QUALIFICATIONS

The next issue to be discussed is whether you have established that the beneficiary is qualified to perform the intended services in the United States.

8 CFR 214.2(l)(3) states, in part, that an individual petition filed on Form I-129 shall be accompanied by:

> (iv) **Evidence that** the alien's prior year of employment abroad was in a position that was managerial, executive, or involved specialized knowledge and that **the alien's prior education, training, and employment qualifies him/her to perform the intended services in the United States**; however, the work in the United States need not be the same work which the alien performed abroad. (Emphasis added)

Upon initial filing, you described the beneficiary's qualifications through employment, experience, training, and education as follows:



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

> *"Mr. Flores is uniquely qualified for the position of Quality Engineer at Tegra. Prior to his U.S. employment, Mr. Flores was employed by Tegra Medical, La Aurora in Heredia, Costa Rica in various positions from July 2014 to February 2022. Mr. Flores has over nine years of progressively responsible professional experience in the medical device manufacturing industry in machining and engineering capacities...In addition to his professional experience, Mr. Flores holds a Bachelor's degree in Industrial Engineering (2021) from the Universidad Hispanoamericana in Costa Rica."*

Subsequent to the filing of the petition, USCIS requested that you provide additional documentation to establish that the beneficiary is qualified to perform the intended services in the United States. USCIS informed you at that time that the evidence was insufficient because:

> *You did not sufficiently define what the beneficiary's specialized knowledge is and how he acquired it. The record must document what specific aspects of your products, tools, processes, and technologies the beneficiary has knowledge of; how the beneficiary came to gain such knowledge; when the beneficiary acquired such knowledge; and how his level and depth of knowledge rises to that of "specialized knowledge." However, the record established none of these.*
>
> *Furthermore, you did not provide evidence to compare and contrast the described duties of the position to those of other, similarly employed individuals within your organization and in the industry. Therefore, you did not establish that the beneficiary has specialized knowledge.*

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On November 20, 2024, you responded and submitted the following documentation in regard to this issue:

- RFE response letter from Zachary L. Maria;
- RFE response letter from Karim Silman Winstanly, Director-Quality Assurance/Regulatory Affairs of Tegra Medical, La Aurora;
- The beneficiary's pay stubs from the foreign entity;
- Employee Training History Report;
- Organizational chart of the foreign entity;
- Job description of Junior Quality Engineer (Job postings);
- The beneficiary's work products;
- RFE response letter from Ababela Watson, Director of Human Resources.

Although you provided the beneficiary's training history, you did not sufficiently explain that the beneficiary's training and knowledge of your company's products, tools, processes, technologies, and service offerings are considered to be of a "special" or "advanced" capacity. Moreover, the training information lacked sufficient detail and does not demonstrate the content of the training and why the training was required for the position. Based on the lack of evidence you provided on the beneficiary's training, it appears that the knowledge gained is easily transferable to another individual within your organization or within the field.

You provided the beneficiary's work product abroad; however, you have inadequately explained or

demonstrated how these sample work products are significantly distinguished or more complex than those produced by similar workers in the same field. As such, it appears that the beneficiary performed the same or similar duties as other workers in a similar position in the field.

While you submitted copies of the beneficiary's formal education records, a bachelor's or higher degree is commonly required for a Junior Quality Engineer and related occupations and employers favor applicants who already have relevant skills and experience in the field. As this is a typical requirement for persons in the beneficiary's field, obtaining a bachelor's or master's degree in the IT and engineering services field, in and of itself, does not amount to "special" or "advanced" knowledge.

To differentiate the beneficiary's knowledge from other employees within the petitioning organization, USCIS must review the duties of those employees in similar positions, as well as their training, education, and length of experience with the petitioning organization's mission. Here, you have not provided sufficiently detailed information. In determining that the beneficiary has specialized knowledge, USCIS must compare the beneficiary's training, experience, education and duties with others performing the same or similar type of work. Although you make the assertion that the beneficiary is the one of a few employees that possess such knowledge, the record did not provide sufficient information about other employees in your organization to demonstrate that the duties the beneficiary performed were beyond what is typically performed in the beneficiary's department.

There is no supporting documentary evidence to show that the beneficiary's knowledge rises above the level of his peers, when compared with other employees' knowledge, education, training and employment with your organization. Specifically, you did not describe how the beneficiary's work and responsibilities differed from other employees or how other employees gained their knowledge of your organization. You have not provided an adequate comparison of the beneficiary's knowledge, training, experience, and exposure to your products, tools, processes, technologies, and service offerings with other employees at the foreign entity who may have used and been exposed to the same products, tools, processes, technologies, and service offerings in the course of their respective duties. It is reasonable to expect all companies to develop internal products, tools, processes, technologies, and service offerings and best practices to support their services and clientele. The documentation submitted does not establish that your proprietary products, tools, processes, technologies, and service offerings are unusually complex and/or sophisticated thereby implying that use of said products, tools, processes, technologies, and service offerings involves special and/or advanced knowledge.

Many employees can be said to possess unique skills or experience to some degree. Possession of knowledge of your company's products, tools, processes, technologies, and service offerings and experience with your organization does not necessarily establish that such knowledge is something that others in the industry could not readily obtain with little or no disruption to your company's operations. Stating that other workers in the field may not have the same level of experience or training with your proprietary products, tools, processes, technologies, and service offerings, or with your client specific projects is not enough to establish the beneficiary as an employee possessing specialized knowledge.

Generalized knowledge of a company's products, tools, processes, technologies, and service offerings is typically distinguishable from specialized knowledge of those same products, tools, processes, technologies, and service offerings. Although the beneficiary in this case appears to have acquired knowledge of your products, tools, processes, technologies, and service offerings while working for your company abroad, you have not adequately established how the beneficiary's knowledge rises to the level of special or advanced, as contemplated by the regulations.

In this case, the documentation of the beneficiary's training and experience with your products, tools,



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

processes, technologies, and service offerings with your foreign company is insufficient to establish the beneficiary as an individual with specialized knowledge. The evidence of record does not establish that the beneficiary possesses a special or advanced level of knowledge in the field or that the beneficiary has knowledge that is special or advanced compared to other similarly experienced Junior Quality Engineers or persons in a related occupation in the same field.

A determination regarding the beneficiary's claimed specialized knowledge cannot be made if you do not, at minimum, articulate with a high degree of specificity the nature of the beneficiary's knowledge; how such knowledge is typically gained within the organization; and how and when the beneficiary gained such knowledge.

For the foregoing reasons, you have not established that the beneficiary is qualified to perform the intended services in the United States.

## U.S. POSITION DOES NOT INVOLVE SPECIALIZED KNOWLEDGE

The last issue to be evaluated in this case is whether the beneficiary's proposed position in the United States involves specialized knowledge.

8 CFR 214.2(l)(3) states, in part, that an individual petition filed on Form I-129 shall be accompanied by:

> (ii) Evidence that the alien will be employed in an executive, managerial, or specialized knowledge capacity, including a detailed description of the services to be performed.

INA 214(c)(2)(B) provides the framework for the specialized knowledge transferee:

> For purposes of section 101(a)(15)(L), an alien is considered to be serving in a capacity involving specialized knowledge with respect to a company if the alien has a special knowledge of the company product and its application in international markets or has an advanced level of knowledge of processes and procedures of the company.

The regulations at 8 CFR 214.2(l)(1)(ii)(D) further define "specialized knowledge" as follows:

> Specialized knowledge means special knowledge possessed by an individual of the petitioning organizations product, service, research, equipment, techniques, management, or other interests and its application in international markets, or an advanced level of knowledge or expertise in the organization's processes and procedures.

Because the statute and regulations do not define the terms "special" or "advanced," USCIS looks to their common dictionary definitions, as well as the agency's practice and experience in this context. The term "special" is defined in leading dictionaries as "surpassing the usual," "distinct among others of a kind," "distinguished by some unusual quality," "uncommon," or "noteworthy." The term "advanced" is defined in various dictionaries as "greatly developed beyond an initial stage," or "ahead or far or further along in progress, complexity, knowledge, skill, etc." Applying these definitions to the statutory and regulatory text, a beneficiary seeking L-1B classification should, as a threshold matter, possess:



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online

- special knowledge, which is knowledge of the petitioning organization's product, service, research, equipment, techniques, management, or other interests and its application in international markets that is distinct or uncommon in comparison to that generally found in the particular industry; or
- advanced knowledge, which is knowledge of or expertise in the petitioning organization's specific processes and procedures that is not commonly found in the relevant industry and is greatly developed or further along in progress, complexity and understanding than that generally found within the employer.

It is your burden to establish through the submission of probative evidence that the beneficiary possesses "special" or "advanced" knowledge. Therefore, you must articulate with specificity the nature of the claimed specialized knowledge, how such knowledge is necessary to perform the duties described in the petition, and how the beneficiary gained such knowledge. USCIS will consider this, and all other relevant evidence presented, in determining whether the beneficiary possesses the requisite specialized knowledge.

Upon initial filing, you provided the following evidence in regard to this issue:

- Cover letter;
- Letter of support;
- Organizational chart;
- The beneficiary's pay stubs from the U.S. entity.

Subsequent to the filing of the petition, USCIS requested that you provide additional documentation to establish the beneficiary will be employed in a specialized knowledge position in the United States. USCIS informed you at that time that the evidence initially submitted was insufficient because:

> *Your description of the duties did not sufficiently establish how the duties to be performed by the beneficiary in the United States is "special" or "advance." You stated that the position involves specialized knowledge, but you did not provide sufficient evidence to support and corroborate your assertions. Furthermore, you did not provide evidence to compare and contrast the beneficiary's duties to those of other, similarly employed individuals within your organization and in the industry. Therefore, you did not sufficiently establish whether the position in the United States involves specialized knowledge.*

USCIS provided a list of suggested evidence you could submit to meet this requirement and advised you that any other evidence could also be submitted if you believed it would satisfy the request.

On November 20, 2024, you responded to that request with the following documentation in regard to this issue:

- RFE response letter from Zachary L. Maria;
- RFE response letter from Ababela Watson, Director of Human Resources;
- The beneficiary's work products;
- Job descriptions of Quality Engineer (Job postings);
- The beneficiary's training certificates;



USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

- List of trainings provided by the beneficiary.

You have explained that the beneficiary will use your products, tools, processes, technologies, and service offerings to perform his tasks in the United States; however, you have not adequately explained and evidenced how the use of your products, tools, processes, technologies, and service offerings in the execution of the beneficiary's everyday job duties will involve specialized knowledge.

While you provided the beneficiary's work product in the United States, you have inadequately explained or demonstrated how these sample work products are significantly distinguished or more complex than those produced by similar workers in the same field. As such, it appears that the beneficiary performed the same or similar duties as other workers in a similar position in the field.

You also submitted copies of the beneficiary's training certificates. However, you did not compare and contrast the types and amount of training competed with any of the beneficiary's team members in the United States, or other employees within the organization or within the field, nor did you explain how the training is special or advanced within the field.

You provided a list of trainings provided by the beneficiary. However, you did not submit sufficient documentation, such as training rosters, training announcements, copies of training resources created by the beneficiary, etc. to show that the beneficiary has trained other employees for those trainings.

Again, to differentiate the beneficiary's knowledge from other employees within the petitioning organization, USCIS must review the duties of those employees in similar positions, as well as their training, education, and length of experience with the petitioning organization's mission. Here, you have not provided sufficiently detailed information. In determining that the beneficiary has specialized knowledge, USCIS must compare the beneficiary's training, experience, education and duties with others performing the same or similar type of work. Although you make the assertion that the beneficiary is the one of a few employees that possess such knowledge, the record did not provide sufficient information about other employees in your organization to demonstrate that the duties the beneficiary performed were beyond what is typically performed in the beneficiary's department.

Accordingly, the evidence of record is insufficient to establish that the U.S. position involves specialized knowledge in the field.

The burden of proof to establish eligibility for the benefit request rests with you. Here, that burden has not been met.

Consequently, the petition is denied for the above stated reasons, with each considered as an independent and alternative basis for denial.

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 days (33 days if by mail) of the date of this decision. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office.

The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO athttp://www.sba.gov/ombudsman or

phone 202-205-2417 or fax 202-481-5719.

Sincerely,

Tracy Tarango
Director, California Service Center



*USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.*